UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CWC LA PROPERTIES, LLC d/b/a BIG | : CIVIL ACTION NO. |
| BASS MARINA AND MEAT | : |
| MARKET, LLC | : |
| | : |
| VERSUS | : JUDGE |
| | : |
| SCOTTSDALE INSURANCE COMPANY | : MAGISTRATE |

**************************************************************************

## NOTICE OF REMOVAL

Defendant, SCOTTSDALE INSURANCE COMPANY, by and through undersigned counsel, hereby gives notice of the removal of this action from the 11th Judicial District Court, for the Parish of Sabine, Louisiana, to the United States District Court for the Western District of Louisiana.   In support of its Notice of Removal, Defendant states as follows:

1.     This action was originally commenced by CWC LA PROPERTIES, LLC d/b/a BIG BASS MARINA AND MEAT MARKET, LLC, on December 11, 2023, through the filing of a Petition for Damages in the 11th Judicial District Court for the Parish of Sabine, State of Louisiana, captioned *"CWC LA Properties, LLC d/b/a Big Bass Marina and Meat Market, LLC v. Scottsdale Insurance Company,"* and assigned Docket No. 72,867.

2.     Scottsdale Insurance Company was served with plaintiff's Petition on or about December 19, 2023.

1

3.      The United States District Court for the Western District of Louisiana is the court embracing the place wherein such action is pending in state court. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Contrary to the provisions of La. C.C.P. art. 893, the Petition did not identify the amount in controversy to establish a threshold requirement for diversity jurisdiction.

5.      Through estimates received on December 27, 2023, plaintiff alleges and admits that the claim has a value in excess of $75,000.   The estimates constitute "other paper" under 28 U.S.C. § 1446(b)(2)(C) which renders this case removable.   *See Estimates,* attached as Exhibits B1-B3.

6.      This Court has jurisdiction over this matter, and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### Diversity of Citizenship

7.      This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Plaintiff, CWC LA PROPERTIES, LLC d/b/a BIG BASS MARINA AND MEAT MARKET, LLC, is limited liability company organized in Louisiana and doing business in Sabine Parish, Louisiana. *See Petition for Damages,* at p. 1, attached as Exhibit A.

2

9.      At the time of the filing of the Petition for Damages and at all times thereafter, defendant, Scottsdale Insurance Company, was and is incorporated under the laws of Ohio, with its principal place of business in Arizona.

10.     Complete diversity of citizenship existed at the time of the filing of the Petition, and at all times thereafter, between plaintiffs and defendant.

### Amount in Controversy

11.     Louisiana Code of Civil Procedure Article 893A.(1) articulates the following requirements for the pleading of monetary damages:

> the prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required.

As a result, Article 893 requires plaintiff to generally state that the claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction. Plaintiff alleges "financial loss that is at least $750,000.   *See Exhibit A.*

12.     Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1]   The removing

---

[1] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 at 882-883 (5th Cir. 2002).

3

defendant may prove the amount in controversy by establishing that the claims are likely above $75,000.[2]

13.   Contrary to the provisions of La. C.C.P. art. 893, the Petition did not identify the amount in controversy to establish a threshold requirement for diversity jurisdiction.

14.   Through estimates received on December 27, 2023, plaintiff alleges and admits that the claim has a value in excess of $75,000.   The estimate constitutes "other paper" under 28 U.S.C. § 1446(b)(2)(C) which renders this case removable.   *See Estimates,* attached as Exhibits B1-B3.

15.   This pleading is filed within 30 days of service and of notice that the amount in controversy meets the minimum threshold to maintain diversity jurisdiction. Therefore 28 U.S.C. § 1446(b), this removal is timely.

**Removal**

16.   As shown above, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.   Therefore, this action may be removed pursuant to 28 U.S.C. § 1441.

---

[2]   *Id.*

17.   Pursuant to 28 U.S.C. § 1446(d), Plaintiff, CWC LA PROPERTIES, LLC d/b/a BIG BASS MARINA AND MEAT MARKET, LLC, is being provided with a copy of this Notice of Removal and a copy is also being filed with the Clerk of the 11th Judicial District Court for the Parish of Sabine, State of Louisiana.

18.   The removing defendant attaches a copy of all process, pleadings, and orders served upon them at the time of removal.[3]

19.   Consistent with the provisions of 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in the 11th Judicial District Court for the Parish of Sabine, State of Louisiana.

20.   Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies reading the foregoing Notice of Removal, that to the best of their knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose.

21.   By filing this Notice of Removal, the removing defendant does not waive, and hereby reserve all defenses and objections to the Plaintiff's Petition for Damages.

WHEREFORE, SCOTTSDALE INSURANCE COMPANY, respectfully requests

---

[3]   28 U.S.C. §1446(a).

that this Court assume full jurisdiction over the cause herein as provided by law inasmuch as this Court has jurisdiction over the dispute because all parties are completely diverse and the jurisdictional amount has been met.

RESPECTFULLY SUBMITTED,

BY: _____s/ John P. Wolff, III_____
John P. Wolff, III (#14504)
Jennifer R. Dietz (#33804)
Sydnee D. Menou (#35913)
Cole C. Frazier (#38743)
701 Main Street (70802)
P. O. Box 1151
Baton Rouge, LA   70821
Telephone:   (225) 383-3796
Facsimile: (225) 343-9612
Email: jwolff@keoghcox.com
jdietz@keoghcox.com
smenou@keoghcox.com
cfrazier@keoghcox.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 19th day of January, 2024.

s/ John P. Wolff, III
JOHN P. WOLFF, III